**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**UNITED STATES OF AMERICA**                                                                      **PLAINTIFF**

**V.**                                                                                                      **NO. 4:23-CV-162-DMB-JMV**

**LACHARLES WASHINGTON**                                                                        **DEFENDANT**

<u>**ORDER**</u>

On August 21, 2023, the United States of America filed a complaint against LaCharles Washington in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA'), … and … money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon [Washington's] receipt of Paycheck Protection Program [('PPP')] funds to which he was not entitled." Doc. #1 at PageID 1. The complaint alleges that Washington, through misrepresentations, received PPP loan proceeds of $35,624.00[1] (for which the Small Business Administration paid approximately $5,000.00 in processing fees to the financial institution involved) and that, based on false statements, the financial institution involved was "reimbursed by the SBA." *Id*. at PageID 6–7.

On January 10, 2024, a "Joint Motion for Entry of Consent Judgment" was filed in which the parties represent that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment that will be submitted separately." Doc. #6 at PageID 19. Both the joint motion and the proposed consent judgment submitted are signed by an Assistant United States Attorney and by Washington who appears pro se. *Id*.

---

[1] According to the complaint, Washington received a PPP loan in the amount of $17,812 on April 10, 2021, and another PPP loan in the amount of $17,812 on April 27, 2021. Doc. #1 at PageID 6.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Washington to pay $41,149.20 plus interest and a $402.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [6] is **GRANTED**. The proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 5th day of February, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**